FILED
October 29, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003037433

CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR
West Coast Fence, Inc.

# UNITED STATES BANKRUPTCY COURT

## EASTERN NORTHERN DISTRICT OF CALIFORNIA

### (Modesto Division)

| | |
|---|---|
| In re:<br><br>WEST COAST FENCE CO., INC.,<br><br>Debtors. | Case No. 10-47419-A-7<br><br>CHAPTER 7<br><br>Date: November 15, 2010<br>Time: 9:00 a.m.<br>Location: U.S. Bankruptcy Court<br>1200 I St., 7th Floor<br>Sacramento, CA<br>Courtroom: 28<br>Judge: Hon. Michael McManus |

**DECLARATION RE: MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ORDER DIRECTING THE DEBTOR TO SURRENDER REAL PROPERTY**

I, William J. Healy, do hereby delcare:

1.      I am an attorney at law duly licensed to practice before all the courts of the State of California and several districts and divisions of the United States District Court in the State of California, including this court. I am a member of the law firm of Campeau Goodsell Smith, attorney herein for West Coast Fence, Inc. ("WCF" or "Landlord").

2. I submit this declaration of my own personal knowledge except as to those matters upon which I am informed and believe and as to those matters I am informed and believe them to be true. If called to testify as to the matters stated herein I could do so in an honest and competent manner. At no time do I intend to waive any privileges, including the attorney client and work product privileges.

3. This declaration is submitted as part a motion for an order granting Landlord relief from the automatic stay to secure and recover exclusive possession of the non-residential commercial property located at 2786 Aiello Dr., San Jose, CA 95111( the "Real Property") from the Debtor and all others, asserting a right of possession to the Real Property; to prosecute the pre-petition unlawful detainer action entitled West Coast Fence, Inc. v. South Y Fireplace, Inc., dba West Coast Fence, Santa Clara County Superior Court Action # 1-10-CV-184542 ("UD Action"); to permit Landlord to accept Debtor's and the Chapter 7 Trustee's surrender of the Real Property; and to exercise its rights pursuant to California Civil Code Section 1980, et seq and California law relative thereto ("Motion").

4. I prepared the accompanying Motion based on, inter alia, a review of the Debtor's various schedules, search of various public records, and review of documents provided to me by my client. Related documents will be made available to the court, the trustee, and even Debtor upon request. Based on a review of the Debtor's schedules, various public records, and related client documents as well as communications with WCF, I believe the contents of the Motion are true and correct.

5. Debtor is actually South Y Fireplace, Inc. and is not West Coast Fence Co., Inc. (See Statement of Financial Affairs, Section 18).

6. Debtor leased the Real Property from Landlord pursuant to a California Commercial Lease Agreement dated September 24, 2008 ("Lease"). (See Schedule G)(Landlord will provide the court, the Chapter 7 Trustee, and Debtor with a copy of the Lease upon request. The Lease called for, inter alia, Debtor's monthly lease payments of $6,000, Debtor's payment of various utilities, and for Debtor to secure insurance. The Lease expired on

September 30, 2009.

7. Prior to October 8, 2010 Debtor, inter alia, Debtor was significantly in arrears on lease payments and owed Landlord approximately $54,000.00 in pre-petition lease payments. (See Schedule F)

8. On October 8, 2010 Landlord commenced an unlawful detainer action against Debtor seeking, inter alia, to secure and recover exclusive possession of the Property from the Debtor and all others, entitled West Coast Fence, Inc. v. South Y Fireplace, Inc., dba West Coast Fence, Santa Clara County Superior Court Action # 1-10-CV-184542 ("UD Action") (See Schedule F and Statement of Financial Affairs Section 4).

9. On October 14, 2010, Debtor commenced this bankruptcy.

10. Relief from stay is warranted pursuant to 11 U.S.C. 362, including sections 362 (d), including sections 362 (d) (1) and (2) and because Debtor and the Trustee are not paying rent, have not provided proof of insurance, and are not conducting business at the Real Property and as such are interfering with Landlord's right to occupy and possess the Real Property.

11. In addition, as the Lease terminated pre-petition the stay should not apply to Landlord. (See Section 362 (b)(10) and *In re Windmill Farms*, 841 F.2d 1467 (9th Cir. 1988); *In re Acorn Investments, Inc.*, B.R. 506, 510 (S.D. Cal. 1981); and *In re Elm Inn, Inc.*, 942 F.2d 630 (9th Cir. 1991).

12. On Friday, October 15, 2010 and Monday, October 18, 2010 Landlord's counsel left voice mail messages with Debtor's counsel and the Trustee indicating, inter alia, that Landlord wished to pursue surrender and possession of the Real Property by stipulation rather than by formal motion and on Monday, October 18, 2010, emailed a proposed stipulation to Debtor's counsel and the Trustee. Debtor's counsel has ignored all communications.

13. During the week of October 18, 2010, the Trustee responded and indicated that he intended to visit the Real Property during the week of October 25, 2010 before responding to

the proposed stipulation.

14. By way of this motion Landlord does not waive its right to submit an administrative claim. In addition, by way of this motion Landlord, which is also a party to a secured promissory note with Debtor, does not waive its rights relative to the promissory note or related collateral. In addition, by way of this motion Landlord does not waive its right to assert an objection to the jurisdiction of this court based on the potential mis-filing of this matter in the Eastern District as opposed to the Northern District where the Debtor operated, had its principal place of business, and had its assets. Lastly, by way of this motion Landlord does not waive its right to assert damage claim for the continued misuse of Landlord's name as a debtor-something that was brought to the attention of the Debtor's counsel and the Trustee as early as October 15, 2010.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California, on October 29, 2010.

/s/ William J. Healy
William J. Healy