

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK

**FILED**
**11/02/10**
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In Re: West Coast Fence Co., Inc.

Case No.: 10-47419-A-7

**To Whom It May Concern:**

X    Attached is a copy of an application/motion/objection submitted for filing without a separate Notice of Hearing with date and time set forth. This motion/objection will be calendared <u>only</u> upon receipt of Notice of Hearing with date and time filled in along with a copy of the original application/motion/objection previously filed.

    Attached is a copy of pleading(s) filed with multiple captions. The pleading(s) will be docketed and filed in the first listed case referenced in the caption. Copies will be placed in additional case files referenced in the caption <u>only</u> if copies are submitted for each file and are marked accordingly.

Dated: 11/2/10

For the Court
Wayne Blackwelder, Clerk

By: _____
Deputy Clerk
U.S. Bankruptcy Court
501 I Street, Suite 3-200
Sacramento, CA 95814-2322
(916) 930-4400

cc: Case File

EDC 4-170 (Rev. 9/1/10)

FILED
November 01, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003043309

CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California  95112
Telephone:  (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR
West Coast Fence, Inc.

UNITED STATES BANKRUPTCY COURT

EASTERN NORTHERN DISTRICT OF CALIFORNIA

(Modesto Division)

In re:                                                    ) Case No. 10-47419-A-7
                                                          )
WEST COAST FENCE CO., INC.,                               ) CHAPTER 7
                                                          )
                         Debtors.                         )
                                                          )
_____)

**PROOF OF ADMINISTRATIVE CLAIM AND REQUEST FOR PAYMENT**

TO THE CLERK OF THIS COURT, DEBTOR AND ITS ATTORNEY OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

West Coast Fence, Inc., not to be confused with the Debtor[1], hereby submits the following Proof of Administrative Claim and Request For Payment as follows:

1. West Coast Fence, Inc. file this administrative expense claim pursuant to the California Commercial Lease Agreement (attached hereto), subject to amendment and supplemental, for the monthly amount of $6,000.00 (Section 2)(daily approximately $200.00), plus any repairs in the amount to be determined (Section 5), utilities (Section 9), etc.. The full amount and scope of this claim is to be determined when West Coast Fence, Inc. has secured exclusive possession and control of the subject real property.

---

[1] Debtor is not West Coast Fence Co., Inc., but rather South Y Fireplace, Inc. dba West Coast Fence.

PROOF OF ADMINISTRATIVE CLAIM AND REQUEST FOR PAYMENT

2. The basis of this claim is obligations due under a lease of non-residential real property between Debtor South Y Fireplace, Inc. and West Coast Fence, Inc. for real property located at 2786 Aielo Drive, San Jose, CA 95111 which, as of the date of this claim, is still in the possession and control of the Debtor and the Trustee, is used by the Debtor and the Trustee, and which the Debtor and the Trustee have failed and refused to surrender to West Coast Fence, Inc. since its initial request of October 15, 2010.

3. Attached hereto is a copy of the California Commercial Lease.

Dated: November 1, 2010　　　　　　　　CAMPEAU GOODSELL SMITH
　　　　　　　　　　　　　　　　　　　　/s/ William J. Healy
　　　　　　　　　　　　　　　　　　　　William J. Healy

West Coast Fence
Building Lease Agreement
Exhibit F

## California Commercial Lease Agreement

This Commercial Lease Agreement ("Lease") is made and effective September 24th, 2008 by and between West Coast Fence, Incorporated ("Lessor") and South Y Fireplace, Inc. ("Lessee").

Lessor is the owner of land and improvements and land commonly known and numbered as 2786 Aielo Drive, San Jose, California, 95111 (the "Leased Premises").

Lessor desires to lease the Leased Premises to Lessee, and Lessee desires to lease the Leased Premises from Lessor for the term, at the rental and upon the covenants, conditions and provisions herein set forth.

THEREFORE, in consideration of the mutual promises herein, contained and other good and valuable consideration, it is agreed:

1. **Term**.

A. Lessor hereby leases the Leased Premises to Lessee, and Lessee hereby leases the same from Lessor, for an "Initial Term" beginning October 1st, 2008 and ending September 30th, 2009. Lessor shall use its best efforts to give Lessee possession as nearly as possible at the beginning of the Lease term. If Lessor is unable to timely provide the Leased Premises, rent shall abate for the period of delay. Lessee shall make no other claim against Lessor for any such delay.

B. Lessee may renew the Lease for one extended term of 12 months. Lessee shall exercise such renewal option, if at all, by giving written notice to Lessor not less than ninety (90) days prior to the expiration of the Initial Term. The renewal term shall be at the rental set forth below and otherwise upon the same covenants, conditions and provisions as provided in this Lease.

2. **Rental**.

A. Lessee shall pay to Lessor during the Initial Term rental of $72,000 per year, payable in installments of $6,000 per month. Each installment payment shall be due in advance on the first day of each calendar month during the lease term to Lessor at 660 Five Oaks Drive, Hollister, California 95023 or at such other place designated by written notice from Lessor or Lessee. The rental payment amount for any partial calendar months included in the lease term shall be prorated on a daily basis. Lessee shall also pay to Lessor a "Security Deposit" in the amount of $6,0000 to be paid in 6 monthly installments of $1000 each beginning October 1st, 2008 and ending March 1st, 2009.

B. The rental for any renewal lease term, if created as permitted under this Lease, shall be agreed upon by Lessor and Lessee at time of renewal.

3. **Use**

Notwithstanding the forgoing, Lessee shall not use the Leased Premises for the purposes of storing, manufacturing or selling any explosives, flammables or other inherently dangerous substance, chemical, thing or device.

1                                initial _____  initial _____

4. **Sublease and Assignment.**

Lessee shall have the right without Lessor's consent, to assign this Lease to a corporation with which Lessee may merge or consolidate, to any subsidiary of Lessee, to any corporation under common control with Lessee, or to a purchaser of substantially all of Lessee's assets. Except as set forth above, Lessee shall not sublease all or any part of the Leased Premises, or assign this Lease in whole or in part without Lessor's consent, such consent not to be unreasonably withheld or delayed.

5. **Repairs and Maintenance.**

During the Lease term, Lessee shall make, at Lessee's expense, all necessary repairs and maintenance to the Leased Premises. Repairs and maintenance shall include such items as routine repairs and maintenance of interior floors, walls, ceilings, landscaping and other parts of the Leased Premises damaged or worn through normal occupancy, except for major mechanical systems, the roof, exterior walls and parking lot, subject to the obligations of the parties otherwise set forth in this Lease.

6. **Alterations and Improvements.**

Lessee, at Lessee's expense, shall have the right following Lessor's consent to remodel, redecorate, and make additions, improvements and replacements of and to all or any part of the Leased Premises from time to time as Lessee may deem desirable, provided the same are made in a workmanlike manner and utilizing good quality materials. Lessee shall have the right to place and install personal property, trade fixtures, equipment and other temporary installations in and upon the Leased Premises, and fasten the same to the premises. All personal property, equipment, machinery, trade fixtures and temporary installations, whether acquired by Lessee at the commencement of the Lease term or placed or installed on the Leased Premises by Lessee thereafter, shall remain Lessee's property free and clear of any claim by Lessor. Lessee shall have the right to remove the same at any time during the term of this Lease provided that all damage to the Leased Premises caused by such removal shall be repaired by Lessee at Lessee's expense.

7. **Property Taxes.**

Lessor shall pay, prior to delinquency, all general real estate taxes and installments of special assessments coming due during the Lease term on the Leased Premises, and all personal property taxes with respect to Lessor's personal property, if any, on the Leased Premises. Lessee shall be responsible for paying all personal property taxes with respect to Lessee's personal property at the Leased Premises.

8. **Insurance.**

A. If the Leased Premises or any other part of the Building is damaged by fire or other casualty resulting from any act or negligence of Lessee or any of Lessee's agents, employees or invitees, rent shall not be diminished or abated while such damages are under repair, and Lessee shall be responsible for the costs of repair not covered by insurance.

B. Lessor shall maintain fire and extended coverage insurance on the Building and the Leased Premises in such amounts as Lessor shall deem appropriate. Lessee shall be responsible, at its expense, for fire and extended coverage insurance on all of its personal property, including removable trade fixtures, located in the Leased Premises.

2

initial  initial

C. Lessee and Lessor shall, each at its own expense, maintain a policy or policies of comprehensive general liability insurance with respect to the respective activities of each in the Building with the premiums thereon fully paid on or before due date, issued by and binding upon some insurance company approved by Lessor, such insurance to afford minimum protection of not less than $1,000,000 combined single limit coverage of bodily injury, property damage or combination thereof. Lessor shall be listed as an additional insured on Lessee's policy or policies of comprehensive general liability insurance, and Lessee shall provide Lessor with current Certificates of Insurance evidencing Lessee's compliance with this Paragraph. Lessee shall obtain the agreement of Lessee's insurers to notify Lessor that a policy is due to expire at least (10) days prior to such expiration. Lessor shall not be required to maintain insurance against thefts within the Leased Premises or the Building.

## 9. Utilities.

Lessee shall pay all charges for water, sewer, gas, electricity, telephone and other services and utilities used by Lessee on the Leased Premises during the term of this Lease unless otherwise expressly agreed in writing by Lessor. In the event that any utility or service provided to the Leased Premises is not separately metered, Lessor shall pay the amount due and separately invoice Lessee for Lessee's pro rata share of the charges. Lessee shall pay such amounts within fifteen (15) days of invoice. Lessee acknowledges that the Leased Premises are designed to provide standard office use electrical facilities and standard office lighting. Lessee shall not use any equipment or devices that utilizes excessive electrical energy or which may, in Lessor's reasonable opinion, overload the wiring or interfere with electrical services to other Lessees.

## 10. Signs.

Following Lessor's consent, Lessee shall have the right to place on the Leased Premises, at locations selected by Lessee, any signs which are permitted by applicable zoning ordinances and private restrictions. Lessor may refuse consent to any proposed signage that is in Lessor's opinion too large, deceptive, unattractive or otherwise inconsistent with or inappropriate to the Leased Premises or use of any other Lessee. Lessor shall assist and cooperate with Lessee in obtaining any necessary permission from governmental authorities or adjoining owners and occupants for Lessee to place or construct the foregoing signs. Lessee shall repair all damage to the Leased Premises resulting from the removal of signs installed by Lessee.

## 11. Entry.

Lessor shall have the right to enter upon the Leased Premises at reasonable hours to inspect the same, provided Lessor shall not thereby unreasonably interfere with Lessee's business on the Leased Premises.

## 12. Building Rules.

Lessee will comply with the rules of the Building adopted and altered by Lessor from time to time and will cause all of its agents, employees, invitees and visitors to do so; all changes to such rules will be sent by Lessor to Lessee in writing. The initial rules for the Building are attached hereto as Exhibit "A" and incorporated herein for all purposes.

## 13. Damage and Destruction.

Subject to Section 8 A. above, if the Leased Premises or any part thereof or any

3    initial _____  initial _____

appurtenance thereto is so damaged by fire, casualty or structural defects that the same cannot be used for Lessee's purposes, then Lessee shall have the right within ninety (90) days following damage to elect by notice to Lessor to terminate this Lease as of the date of such damage. In the event of minor damage to any part of the Leased Premises, and if such damage does not render the Leased Premises unusable for Lessee's purposes, Lessor shall promptly repair such damage at the cost of the Lessor. In making the repairs called for in this paragraph, Lessor shall not be liable for any delays resulting from strikes, governmental restrictions, inability to obtain necessary materials or labor or other matters which are beyond the reasonable control of Lessor. Lessee shall be relieved from paying rent and other charges during any portion of the Lease term that the Leased Premises are inoperable or unfit for occupancy, or use, in whole or in part, for Lessee's purposes. Rentals and other charges paid in advance for any such periods shall be credited on the next ensuing payments, if any, but if no further payments are to be made, any such advance payments shall be refunded to Lessee. The provisions of this paragraph extend not only to the matters aforesaid, but also to any occurrence which is beyond Lessee's reasonable control and which renders the Leased Premises, or any appurtenance thereto, inoperable or unfit for occupancy or use, in whole or in part, for Lessee's purposes.

### 14. Default.

If default shall at any time be made by Lessee in the payment of rent when due to Lessor as herein provided, and if said default shall continue for fifteen (15) days after written notice thereof shall have been given to Lessee by Lessor, or if default shall be made in any of the other covenants or conditions to be kept, observed and performed by Lessee, and such default shall continue for thirty (30) days after notice thereof in writing to Lessee by Lessor without correction thereof then having been commenced and thereafter diligently prosecuted, Lessor may declare the term of this Lease ended and terminated by giving Lessee written notice of such intention, and if possession of the Leased Premises is not surrendered, Lessor may reenter said premises. Lessor shall have, in addition to the remedy above provided, any other right or remedy available to Lessor on account of any Lessee default, either in law or equity. Lessor shall use reasonable efforts to mitigate its damages.

### 15. Quiet Possession.

Lessor covenants and warrants that upon performance by Lessee of its obligations hereunder, Lessor will keep and maintain Lessee in exclusive, quiet, peaceable and undisturbed and uninterrupted possession of the Leased Premises during the term of this Lease.

### 16. Condemnation.

If any legally, constituted authority condemns the Building or such part thereof which shall make the Leased Premises unsuitable for leasing, this Lease shall cease when the public authority takes possession, and Lessor and Lessee shall account for rental as of that date. Such termination shall be without prejudice to the rights of either party to recover compensation from the condemning authority for any loss or damage caused by the condemnation. Neither party shall have any rights in or to any award made to the other by the condemning authority.

### 17. Subordination.

Lessee accepts this Lease subject and subordinate to any mortgage, deed of trust or

4  initial_____ initial_____

other lien presently existing or hereafter arising upon the Leased Premises, or upon the Building and to any renewals, refinancing and extensions thereof, but Lessee agrees that any such mortgagee shall have the right at any time to subordinate such mortgage, deed of trust or other lien to this Lease on such terms and subject to such conditions as such mortgagee may deem appropriate in its discretion. Lessor is hereby irrevocably vested with full power and authority to subordinate this Lease to any mortgage, deed of trust or other lien now existing or hereafter placed upon the Leased Premises of the Building, and Lessee agrees upon demand to execute such further instruments subordinating this Lease or attorning to the holder of any such liens as Lessor may request. In the event that Lessee should fail to execute any instrument of subordination herein require d to be executed by Lessee promptly as requested, Lessee hereby irrevocably constitutes Lessor as its attorney-in-fact to execute such instrument in Lessee's name, place and stead, it being agreed that such power is one coupled with an interest. Lessee agrees that it will from time to time upon request by Lessor execute and deliver to such persons as Lessor shall request a statement in recordable form certifying that this Lease is unmodified and in full force and effect (or if there have been modifications, that the same is in full force and effect as so modified), stating the dates to which rent and other charges payable under this Lease have been paid, stating that Lessor is not in default hereunder (or if Lessee alleges a default stating the nature of such alleged default) and further stating such other matters as Lessor shall reasonably require.

18. **Security Deposit**.

The Security Deposit shall be held by Lessor without liability for interest and as security for the performance by Lessee of Lessee's covenants and obligations under this Lease, it being expressly understood that the Security Deposit shall not be considered an advance payment of rental or a measure of Lessor's damages in case of default by Lessee. Unless otherwise provided by mandatory non-waivable law or regulation, Lessor may commingle the Security Deposit with Lessor's other funds. Lessor may, from time to time, without prejudice to any other remedy, use the Security Deposit to the extent necessary to make good any arrearages of rent or to satisfy any other covenant or obligation of Lessee hereunder. Following any such application of the Security Deposit, Lessee shall pay to Lessor on demand the amount so applied in order to restore the Security Deposit to its original amount. If Lessee is not in default at the termination of this Lease, the balance of the Security Deposit remaining after any such application shall be returned by Lessor to Lessee. If Lessor transfers its interest in the Premises during the term of this Lease, Lessor may assign the Security Deposit to the transferee and thereafter shall have no further liability for the return of such Security Deposit.

19. **Notice**.

Any notice required or permitted under this Lease shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

If to Lessor to:

West Coast Fence, Incorporated, attention Lynn Graziano

660 Five Oaks Drive, Hollister, California 95023

5   initial _____ initial _____

If to Lessee to:

South Y Fireplace, Incorporated, attention Wendy Dowhower

2786 Aielo Drive, San Jose, California 95111

Lessor and Lessee shall each have the right from time to time to change the place notice is to be given under this paragraph by written notice thereof to the other party.

## 20. Waiver.

No waiver of any default of Lessor or Lessee hereunder shall be implied from any omission to take any action on account of such default if such default persists or is repeated, and no express waiver shall affect any default other than the default specified in the express waiver and that only for the time and to the extent therein stated. One or more waivers by Lessor or Lessee shall not be construed as a waiver of a subsequent breach of the same covenant, term or condition.

## 21. Memorandum of Lease.

The parties hereto contemplate that this Lease should not and shall not be filed for record, but in lieu thereof, at the request of either party, Lessor and Lessee shall execute a Memorandum of Lease to be recorded for the purpose of giving record notice of the appropriate provisions of this Lease.

## 22. Headings.

The headings used in this Lease are for convenience of the parties only and shall not be considered in interpreting the meaning of any provision of this Lease.

## 23. Successors.

The provisions of this Lease shall extend to and be binding upon Lessor and Lessee and their respective legal representatives, successors and assigns.

## 24. Consent.

Lessor shall not unreasonably withhold or delay its consent with respect to any matter for which Lessor's consent is required or desirable under this Lease.

## 25. Performance.

If there is a default with respect to any of Lessor's covenants, warranties or representations under this Lease, and if the default continues more than fifteen (15) days after notice in writing from Lessee to Lessor specifying the default, Lessee may, at its option and without affecting any other remedy hereunder, cure such default and deduct the cost thereof from the next accruing installment or installments of rent payable hereunder until Lessee shall have been fully reimbursed for such expenditures, together with interest thereon at a rate equal to the lesser of twelve percent (12%) per annum or the then highest lawful rate. If this Lease terminates prior to Lessee's receiving full

6     initial _____ initial _____

reimbursement, Lessor shall pay the unreimbursed balance plus accrued interest to Lessee on demand.

## 26. Compliance with Law.

Lessee shall comply with all laws, orders, ordinances and other public requirements now or hereafter pertaining to Lessee's use of the Leased Premises. Lessor shall comply with all laws, orders, ordinances and other public requirements now or hereafter affecting the Leased Premises.

## 27. Final Agreement.

This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof. This Agreement may be modified only by a further writing that is duly executed by both parties.

## 28. Governing Law.

This Agreement shall be governed, construed and interpreted by, through and under the Laws of the State of California.

IN WITNESS WHEREOF, the parties have executed this Lease as of the day and year first above written.

Lessor: WEST COAST FENCE, INC., a California Corporation

By _____

_____
MICHAEL GRAZIANO

Lessee: SOUTH Y FIREPLACE, INC., a California Corporation

By _____

_____
CURT DOWHOWER