3

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

WEST COAST FENCE CO. INC.,

Debtor.

NO: 10-47419-A-7

DC No.: SLF 3

**MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN VEHICLES**

Date: February 7, 2011
Time: 10:00 a.m.
Place: Department A
Honorable Michael S. McManus

MOTION FOR AUTHORIZATION
TO SELL THE ESTATE'S          1
INTEREST IN VEHICLES

Chapter 7 Trustee Gary R. Farrar respectfully moves for authorization to sell the estate's interest in four vehicles (the "Vehicles").

Under the proposed sale, Keith Nye, a principal of West Coast Fence, Inc. (the landlord of the Debtor), will buy all of the estate's interest in the Vehicles for $5000.00

The Trustee believes the sale of the Vehicles is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Trustee represents the following:

1. On October 14, 2010, the Debtor filed the Bankruptcy Case. Gary R. Farrar was appointed Chapter 7 Trustee.

2. The Debtor scheduled the Vehicles as follows:

    a. 1973 Ford Digger, which the Debtor valued at $4000.00.

    b. 1976 Ford Bronco, which the Debtor valued at $3000.00.

    c. 1988 Ford FSD, which the Debtor valued at $1000.00.

    d. 1998 Ford FB, which the Debtor valued at $1500.00.

3. The Vehicles are property of the bankruptcy estate. (Farrar Decl. ¶ 4).

4. The Trustee wishes to liquidate the Vehicles and obtain the maximum value for the estate. Mr. Nye offered to buy the Vehicles, and the parties entered into negotiations regarding a possible sale of them to Mr. Nye. (Farrar Decl. ¶ 5).

5. As a result of the negotiations, the Trustee has entered into a written agreement with Mr. Nye for the proposed sale of the Vehicles to Mr. Nye, under which Mr. Nye will purchase the Vehicles for $5000 (the "Agreement") (collectively, the "Sale"). (Farrar Decl. ¶ 6, Ex. A).

6. The Sale is conditional on Bankruptcy Court approval of this motion and is subject to overbidding at the hearing on this Motion. (Farrar Decl. ¶ 7).

7. Bankruptcy Code Section 363(b) provides that a trustee, after notice and a hearing, may sell property of the bankruptcy estate other than in the ordinary course of business.

8. The Trustee has inspected the Vehicles, and, based on his inspection of them, believes the Sale is in the best interests of creditors. (Farrar Decl. ¶ 8).

9. To help ensure that the Vehicles are sold for the maximum price, the Trustee proposes that the sale be subject to overbidding at the time of the hearing, on the following terms and conditions, or as otherwise announced by the Court at the hearing: Any party overbidding must agree to purchase the Vehicles on the identical terms as the proposed Agreement. The proposed overbidder must qualify, by having, at the hearing, cash or a cashier's check in at least the amount of $2500, which the proposed overbidder shall tender at the hearing as a deposit that will be nonrefundable only if the proposed overbidder is the high bidder. The proposed overbidder must pay the full balance in cash or by cashier's check within two business days following the hearing. The first overbid must be at least $5500 ($500 above the proposed sale amount), and successive bids must be in increments to be set by the Court. (Farrar Decl. ¶ 9)

WHEREFORE, the Trustee respectfully requests that the Court grant this motion and that it grant such further and other relief as may be just and proper.

Dated: January 4, 2011

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
GARY R. FARRAR

MOTION FOR AUTHORIZATION
TO SELL THE ESTATE'S                3
INTEREST IN VEHICLES