FILED

January 04, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003186672

3

1  THE SUNTAG LAW FIRM
   A Professional Corporation
2  DANA A. SUNTAG (California State Bar No. 125127)
   LORIS L. BAKKEN (California State Bar No. 215033)
3  The Kress Building
   20 North Sutter Street, Fourth Floor
4  Stockton, California  95202
   Telephone: (209) 943-2004
5  Facsimile:  (209) 943-0905

6  Attorneys for Chapter 7 Trustee
   GARY R. FARRAR
7

8              UNITED STATES BANKRUPTCY COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  IN RE:                          )   NO: 10-47419-A-7
                                    )
12                                  )   DC No.: SLF 3
    WEST COAST FENCE CO. INC.,      )
13                                  )   NOTICE OF MOTION FOR
          Debtor.                   )   AUTHORIZATION TO SELL THE
14                                  )   ESTATE'S INTEREST IN VEHICLES
                                    )
15                                  )   Date: February 7, 2011
                                    )   Time: 10:00 a.m.
16                                  )   Place: Department A
                                    )   Honorable Michael S. McManus
17  _____ )

18

19

20

21

22

23

24

25

26  NOTICE OF MOTION FOR
    AUTHORIZATION                    1
    TO SELL THE ESTATE'S
    INTEREST IN VEHICLES

PLEASE TAKE NOTICE that Chapter 7 Trustee Gary R. Farrar is filing a Motion for Authorization to Sell the Estate's Interest in four Vehicles (the "Motion").

The Motion seeks authorization to sell the estate's interest in the following Vehicles (the "Vehicles"):

    a.     1973 Ford Digger, which the Debtor valued at $4000.00.

    b.     1976 Ford Bronco, which the Debtor valued at $3000.00.

    c.     1988 Ford FSD, which the Debtor valued at $1000.00.

    d.     1998 Ford FB, which the Debtor valued at $1500.00.

Under the proposed sale, Keith Nye (the "Buyer"), a principal of the landlord of the Debtor, will buy all of the estate's interest in the Vehicles for $5000.00.

The Trustee believes the sale is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Motion is to be heard on January 24, 2011, at 10:00 a.m. in Department A, the Courtroom of the Honorable Michael S. McManus, United States Bankruptcy Judge, located at 501 I Street, 7th Floor, Sacramento, California.

The Motion is based on this Notice, the Motion, the Declaration of Gary R. Farrar, the papers on file in this case, and on arguments or evidence that may be presented at the time of the hearing.

**YOUR RIGHTS MAY BE AFFECTED. You should read this Notice carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 9014-1(f)(1), any opposition to the Application must be in writing and you must, at least 14 days before the hearing, (i) serve a copy of it on the Trustee, Gary R. Farrar, care of his counsel, Dana A. Suntag, The Suntag Law Firm, the Kress Building, 20 North Sutter Street, Fourth Floor, Stockton, California 95202, and on the Office of the US Trustee, 501 "I" Street, Suite 7-500, Sacramento, California 95814, and (ii) file it with the Court. The last date to serve and file opposition is **January 10, 2011**. You must include with your opposition adequate evidence to establish its factual allegations. Without good cause, you will not be heard at oral argument if you fail to serve and file written opposition in a timely manner. Moreover, your failure to serve and file a timely written opposition may be deemed a waiver of any opposition to the granting of the Application.

Further, under Local Rule 9014-1(f)(1)(ii), the opposition shall specify whether you consent to the Court's resolution of the disputed material factual issues pursuant to Federal Rule of Civil Procedure 43(e) (as made applicable by Federal Rule of Bankruptcy Procedure 9017). If you do not so consent, the opposition shall include a separate statement identifying each disputed material factual issue. The separate statement shall enumerate discretely each of the disputed material factual issues and cite the particular portions of the record demonstrating that a factual issue is both material and in dispute. Failure to file the separate statement shall be construed as consent to resolution of the objection and all disputed material factual issues pursuant to Federal Rule of Civil Procedure 43(e).

You are urged to consult the local rules, which are available on the Court's website: www.caeb.uscourts.gov.

## FACTUAL BACKGROUND AND SUMMARY OF RELIEF SOUGHT

1.      On October 14, 2010, the Debtor filed the Bankruptcy Case. Gary R. Farrar was appointed Chapter 7 Trustee.

2.      The Vehicles are property of the bankruptcy estate.

3.      The Trustee wishes to sell the Vehicles and obtain the maximum value for the estate. Mr. Nye offered to buy the Vehicles, and the parties entered into negotiations regarding a possible sale of them to Mr. Nye.

4.      As a result of the negotiations, the Trustee has entered into a written agreement with Mr. Nye for the proposed sale of the Vehicles to Mr. Nye, under which Mr. Nye will purchase the Vehicles for $5000 (the "Sale").

5.      The Sale is conditional on Bankruptcy Court approval of this motion and is subject to overbidding at the hearing on this Motion.

6.      Bankruptcy Code Section 363(b) provides that a trustee, after notice and a hearing, may sell property of the bankruptcy estate other than in the ordinary course of business.

7.      The Trustee believes the Sale is in the best interests of creditors.

8.      To help ensure that the Vehicles are sold for the maximum price, the Trustee proposes that the sale be subject to overbidding at the time of the hearing, on the following terms and conditions, or as otherwise announced by the Court at the hearing: Any party overbidding must agree to purchase the Vehicles on the identical terms as the proposed Agreement, including payment of cash for the full purchase price within five days following the hearing.  Also, the first overbid must be at least $5500 ($500 above the proposed sale amount), and successive bids must be in increments to be set by the Court.

WHEREFORE, the Trustee respectfully requests that the Court grant his motion for authorization to sell the Vehicles and that it grant such further and other relief as may be just and proper.

Dated: January 4, 2011

THE SUNTAG LAW FIRM
A Professional Corporation


By: /s/ Dana A. Suntag
    DANA A. SUNTAG
    Attorneys for Chapter 7 Trustee
    GARY R. FARRAR