FILED
January 04, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003186674

3

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

WEST COAST FENCE CO. INC.,

Debtor.

NO: 10-47419-A-7

DC No.: SLF 3

DECLARATION OF GARY R. FARRAR IN SUPPORT OF MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN VEHICLES

Date: February 7, 2011
Time: 10:00 a.m.
Place: Department A
Honorable Michael S. McManus

DECLARATION OF GARY R. FARRAR
IN SUPPORT OF MOTION FOR
AUTHORIZATION TO SELL
THE ESTATE'S INTEREST IN VEHICLES

1

I, GARY R. FARRAR, declare:

1. I am the Chapter 7 Trustee in this case. I submit this declaration in support of my motion for authorization to sell the estate's interest in four vehicles (the "Vehicles"). I have personal knowledge of the facts contained in this Declaration and, if called on, could and would testify to them.

2. On October 14, 2010, the Debtor filed the Bankruptcy Case. I was appointed Chapter 7 Trustee.

3. The Debtor scheduled the Vehicles as follows:

   a. 1973 Ford Digger, which the Debtor valued at $4000.00.

   b. 1976 Ford Bronco, which the Debtor valued at $3000.00.

   c. 1988 Ford FSD, which the Debtor valued at $1000.00.

   d. 1998 Ford FB, which the Debtor valued at $1500.00.

4. The Vehicles are property of the bankruptcy estate.

5. I wish to sell the Vehicles and obtain the maximum value for the estate. Mr. Nye offered to buy the Vehicles, and we entered into negotiations regarding a possible sale of them to Mr. Nye.

6. As a result of the negotiations, I have entered into a written agreement with Mr. Nye for the proposed sale of the Vehicles to Mr. Nye, under which he will purchase the Vehicles for $5000 (the "Sale"). A true and correct copy of the written agreement is attached as Exhibit A to the exhibits we are filing concurrently.

7. The Sale is conditional on Bankruptcy Court approval of this motion and is subject to overbidding at the hearing on this Motion.

8. I have inspected the Vehicles, and, based on my inspection of them, I believe the Sale is in the best interests of creditors.

9. To help ensure that the Vehicles are sold for the maximum price, the sale should be subject to overbidding at the time of the hearing, on the following terms and conditions, or as otherwise announced by the Court at the hearing: Any party overbidding must agree to purchase the Vehicles on the identical terms as the proposed Agreement. The proposed overbidder must qualify, by having, at the hearing, cash or a cashier's check in at least the amount of $2500, which the proposed overbidder shall tender at the hearing as a deposit that will be nonrefundable only if the proposed overbidder is the high bidder. The proposed overbidder must pay the full balance in cash or by cashier's check within two business days following the hearing. The first overbid must be at least $5500 ($500 above the proposed sale amount), and successive bids must be in increments to be set by the Court.

I declare under penalty of perjury that the foregoing is true and correct

Executed on December 21, 2010, at Modesto, California.

GARY R. FARRAR

DECLARATION OF GARY R. FARRAR
IN SUPPORT OF MOTION FOR
AUTHORIZATION TO SELL
THE ESTATE'S INTEREST IN VEHICLES

3