7

FILED
January 04, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003186677

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California  95202
Telephone: (209) 943-2004
Facsimile:  (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

WEST COAST FENCE CO. INC.,

    Debtor.

NO: 10-47419-A-7

DC No.: SLF 3

EXHIBITS TO DECLARATION OF GARY R. FARRAR IN SUPPORT OF MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN VEHICLES

Date: February 7, 2011
Time: 10:00 a.m.
Place: Department A
Honorable Michael S. McManus

    Exhibit A:    Purchase and Sale Agreement

EXHIBITS TO DECLARATION OF
GARY R. FARRAR IN SUPPORT OF
MOTION FOR AUTHORIZATION TO SELL
THE ESTATE'S INTEREST IN VEHICLES

1

# PURCHASE AND SALE AGREEMENT

This Purchase and Sale Agreement (the "Agreement") is dated December 21, 2010, and entered into by and between Gary R. Farrar (the "Seller"), the Chapter 7 Trustee in the bankruptcy case entitled *In re West Coast Fence Co., Inc.*; United States Bankruptcy Court, Eastern District of California, Case No. 10-47419-A-7 (the "Bankruptcy Case"), and Keith Nye (the "Buyer").

## RECITALS

A.  On October 14, 2010, the Debtor filed the Bankruptcy Case. Seller was appointed Chapter 7 Trustee.

B.  In the Bankruptcy Case, Debtor scheduled four vehicles (the "Vehicles"), as follows:

  i.   1973 Ford Digger, which the Debtor valued at $4000.00;

  ii.  1976 Ford Bronco, which the Debtor valued at $3000.00;

  iii. 1988 Ford FSD, which the Debtor valued at $1000.00; and

  iv.  1998 Ford FB, which the Debtor valued at $1500.00.

C.  The Vehicles are property of the bankruptcy estate.

D.  Seller wishes to sell the estate's interest in the Vehicles and Buyer wishes to buy the estate's interest in the Vehicles.

THEREFORE, the parties agree as follows:

## TERMS OF AGREEMENT

1.  Buyer shall purchase from the bankruptcy estate, and Seller shall sell to Buyer, the estate's interest in the Vehicles, for $5000 (the "Purchase Amount"). Buyer shall pay the Purchase Amount by cashier's check made payable to Gary R. Farrar, Trustee, delivered to Seller's counsel, The Suntag Law Firm, 20 North Sutter Street, Fourth Floor, Stockton, California 95202, concurrently with the signing of this Agreement. (The transaction described in this paragraph shall be referred to as the "Sale.")

2.  The transactions described in this Agreement are conditional on Bankruptcy Court approval and are subject to overbidding at the hearing on approval of this Agreement. Seller shall seek Bankruptcy Court approval by motion, which Buyer shall reasonably support.

3.  If the Bankruptcy Court enters an order approving the Sale and no party timely seeks review (by appeal, motion for reconsideration, or otherwise) of the order approving the Sale, then Seller shall deliver to Buyer any and all title documents in his possession relating to the Vehicles. If the Bankruptcy Court does not enter an order approving the Sale or it enters such an order but the order is overturned or reversed, then this Agreement shall be void and Seller will return the Purchase Amount to Buyer.

4.  Each party to this Agreement shall execute such further documents and take such further action as reasonably may be necessary to effectuate the terms of this Agreement.

1



EXHIBIT A PAGE 1

## SELLER'S REPRESENTATIONS

5.  Seller represents and warrants that as of the date of this Agreement:

(a)  Seller has all power and authority necessary to enter into and perform his obligations under this Agreement in accordance with its terms and, upon its execution, this Agreement will constitute the valid and binding obligation of Seller, enforceable in accordance with its terms, subject to Bankruptcy Court approval.

(b)  The execution, delivery and performance of this Agreement will not conflict with, or result in a material breach or other material violation of, any contract, agreement, or instrument to which Seller is a party.

## BUYER'S REPRESENTATIONS

6.  Buyer represents and warrants that as of the date of this Agreement:

(a)  Buyer has all power and authority necessary to enter into this Agreement and to perform his obligations under this Agreement in accordance with its terms, and, upon execution, this Agreement will constitute the valid and binding obligations of Buyer, enforceable in accordance with its terms, subject to Bankruptcy Court approval.

(b)  The execution, delivery and performance of this Agreement will not conflict with, or result in a material breach or other material violation of, any contract, agreement, or instrument to which Buyer is a party.

## COSTS AND FEES

7.  Buyer shall pay any and all costs or fees that may be incurred in connection with the transactions described in this Agreement. As a Chapter 7 bankruptcy trustee, Seller shall not incur or be responsible for any costs or fees in connection with the transactions described in this Agreement.

## RELEASES

8.  In consideration of the mutual covenants contained herein, except as to any obligations created in this Agreement and subject to Court approval of the Sale, Buyer releases and forever discharges Seller, individually and as the representative of the bankruptcy estate, and his attorneys, agents, and employees, past and present, and the bankruptcy estate from any and all claims, causes of action, obligations, damages, and liabilities, known or unknown, that Buyer has, may have had in the past, or now has arising out of or relating to the Vehicles or the Sale, and Buyer covenants and agrees not to file a claim of any type in the Bankruptcy Case relating to the Vehicles or the Sale.

9.  Buyer understands and acknowledges it is possible that unknown losses or claims exist or that he may have underestimated losses or claims in amount or severity, and Buyer took that into account in determining the amount of consideration to be exchanged in the Agreement, and a portion of that consideration, having been bargained for between the parties with the knowledge of the possibility of such unknown

2


EXHIBIT A PAGE 2

claims, was given in exchange for a full accord, satisfaction, and discharge of all such claims. Thus, Buyer waives all rights under California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor.

## TAXES AND ASSESSMENTS

10. Seller makes no representations or warranties as to taxes or assessments or the possible delinquency or default thereof, and shall not be responsible for any taxes or assessments incurred at any time before or after this Agreement is entered into. Buyer fully assumes all responsibility and liability for these amounts.

## AS IS SALE

11. Seller disclaims any and all representations or warranties concerning any matter or thing affecting or relating to the Sale. Seller has an interest in the Vehicles only as a Chapter 7 Trustee and does not have detailed knowledge of the Vehicles. Buyer represents, warrants, and acknowledges that: (i) Buyer is buying the Vehicles in "as is," "where is" condition, (ii) Buyer is not relying on any warranties, promises, statements, understandings, or representations of Seller, (iii) Buyer will not close this transaction unless and until he has had the opportunity to inspect, and in fact has inspected, each of the Vehicles and all matters relating to the Vehicles and is fully knowledgeable about the condition of each of the Vehicles and has had access to information and data relating to all of the same as Buyer considers necessary, prudent, appropriate, or desirable for the purposes of this transaction, and Buyer and his agents and representatives have independently inspected, examined, analyzed and appraised and approved all of same, and (iv) Buyer will not seek any remedy against Seller or the bankruptcy estate for any matter relating to the Vehicles or the Sale.

## BUYER'S NONRELIANCE ON SELLER

12. Buyer warrants and acknowledges that in buying the Vehicles, he is not relying on any representation from Seller as to the condition of the Vehicles or any violations of federal, state, county or municipal ordinances, statutes or regulations. The investigation into these matters has been the sole responsibility of Buyer. To the maximum extent permitted by law, this sale is made without representation, covenant, or warranty of any kind (whether express, implied, or, to the maximum extent permitted by applicable law, statutory) by Seller. Buyer accepts each of the Vehicles with all faults, and without any representation or warranty, all of which Seller disclaims. Among other things, Seller makes no warranty or representation as to (a) fitness for any particular purpose, (b) merchantability, (c) design, (d) quality, (e) condition, (f) operation or income, (g) compliance with specifications, (h) absence of defects, (i) absence of hazardous or toxic substances, including but not limited to mold, or (j) compliance with laws or regulations including, without limitation, those relating to health, safety, and the environment. Buyer acknowledges that Buyer is entering into his Agreement with the

3

intention of making and relying upon his own investigation of the physical, environmental, economic use, compliance, and legal condition of the Vehicles and that Buyer is not now relying, and will not later rely, on any representations or warranties made by Seller or anyone acting or claiming to act, by, through or under or on Seller's behalf concerning the Vehicles.

13. Buyer further represents and warrants that he is a principal of the landlord of the Debtor, that he has acquired knowledge and information about the Vehicles in that capacity, and that he already has actual possession of each of the Vehicles.

## **MISCELLANEOUS**

14. Each party warrants that no promise, inducement, or agreement not expressed herein has been made to it in connection with this Agreement and that this Agreement constitutes the entire agreement between the parties. This Agreement may not be altered, amended, modified or otherwise changed except by a writing signed by each party stating that it amends this Agreement. Each party agrees and acknowledges that it will make no claim that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

15. Each party warrants, on its own behalf, that the persons signing below are authorized to sign this Agreement on its behalf and to bind them to the terms of this Agreement. Seller represents and warrants that The Suntag Law Firm, a Professional Corporation, has represented him with respect to this Agreement and that he has had the opportunity to consult with them concerning the effect of this Agreement. Buyer represents and warrants that Campeau, Goodsell, Smith has represented him with respect to this Agreement and that he has had the opportunity to consult with them concerning the effect of this Agreement.

16. Each party shall bear its own attorney's fees and costs in connection with this Agreement. However, in the event of a breach of this Agreement, the breaching party will pay reasonable attorney's fees and costs of the non-breaching party incurred by reason of said breach.

17. If any provision of this Agreement is held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but, rather, the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

18. This document may be signed in duplicate originals, each of which is equally admissible in evidence. The Agreement shall become effective when all parties have signed it or separate copies thereof. Signatures sent by fax or electronically in PDF format shall have the same force and effect as original signatures.

19. This Agreement shall be binding upon the assigns and successors to the parties.

20. Neither party shall be deemed to have drafted the Agreement but, instead, the Agreement shall be deemed drafted by either party to the Agreement.

4


EXHIBIT A PAGE 4

21. This Agreement shall be construed and enforced under California Law.

_____
GARY R. FARRAR, Chapter 7 Trustee of the
bankruptcy estate In re West Coast Fence Co.,
Inc., United States Bankruptcy Court, Eastern
District of California, Case No. 10-47419-A-7

_____
KEITH NYE

**APPROVED AS TO FORM AND CONTENT**

THE SUNTAG LAW FIRM
A Professional Corporation

By: _____
DANA A. SUNTAG
Attorneys for GARY R. FARRAR,
Chapter 7 Trustee of the
Estate of In re West Coast Fence Co., Inc.

CAMPEAU GOODSELL SMITH

By: _____
WILLIAM J. HEALY
Attorneys for KEITH NYE

5

21. This Agreement shall be construed and enforced under California Law.

                                        GARY R. FARRAR, Chapter 7 Trustee of the
                                        bankruptcy estate *In re West Coast Fence Co.,
                                        Inc.*; United States Bankruptcy Court, Eastern
                                        District of California, Case No. 10-47419-A-7

                                        _____
                                        KEITH NYE

## APPROVED AS TO FORM AND CONTENT

THE SUNTAG LAW FIRM
A Professional Corporation

By: _____
DANA A. SUNTAG
Attorneys for GARY R. FARRAR,
Chapter 7 Trustee of the
Estate of *In re West Coast Fence Co., Inc.*

CAMPEAU GOODSELL SMITH

By: _____
WILLIAM J. HEALY
Attorneys for KEITH NYE

EXHIBIT A PAGE 6

5