THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

IN RE:

SOUTH Y FIREPLACE, INC. dba WEST COAST FENCE CO. INC.,

Debtor.

NO: 10-47419-A-7

DC No.: SLF 7

VERIFIED FIRST AND FINAL FEE APPLICATION OF THE SUNTAG LAW FIRM, COUNSEL FOR CHAPTER 7 TRUSTEE

Date: January 30, 2012
Time: 10:00 a.m.
Place: Department A
The Honorable Michael S. McManus

Applicant The Suntag Law Firm ("Suntag"), counsel of record for Chapter 7 Trustee Gary R. Farrar, respectfully submits this first and final verified fee application for compensation for legal services in the amount of **$20,359.06**, consisting of fees of $19,428.11 and costs of $930.95. (Exhibit A).

Suntag is a professional corporation; the attorneys who have performed work in this matter on its behalf (Exhibit B) are authorized to practice in the State of California and before this Court. The order authorizing Suntag's employment in this case was entered on October 28, 2010, with employment authorized effective October 14, 2010 (Exhibit C).

## I.
## NARRATIVE DESCRIPTION OF SERVICES PERFORMED

A. <u>Summary</u>.

The Debtor filed this case on October 14, 2010. Gary R. Farrar was appointed Chapter 7 Trustee.

Suntag provided legal advice to Mr. Farrar regarding general case administration and strategies on how to handle property of the estate, prepared and filed an application to employ an auctioneer to sell vehicles, prepared and filed a motion to sell the vehicles, prepared and filed an application to employ an accountant for the estate, prepared and filed a motion to sell personal property of the estate to the Debtor's landlord, reviewed and analyzed administrative rent claims, reviewed and analyzed two motions for relief from stay and prepared and filed the Trustee's nonopposition to them, and assisted the Trustee in recovering property of the estate.

B. <u>Detailed Description of Legal Services Rendered</u>.

1. <u>General Case Administration</u>.

Suntag spent 10.55 hours on general case administration. This time included preparing Suntag's employment application, preparing the application to employ Paul E. Quinn of Ryan, Christie, Quinn & Horn as accountant for the estate, and preparing the instant

application for compensation. Suntag anticipates attending the hearing on this application by telephone.

2. Sale of Property of The Estate at Public Auction.

The Trustee wished to sell at public auction the following personal property the Debtor listed on its schedules (the "Property"):

    a. 1995 Ford Dump Truck, which the Debtor valued at $3,150.00.
    b. 1999 Ford F-350, which the Debtor valued at $3,875.00.
    c. 1997 Chevy Flat Bed, which the Debtor valued at $2,760.00.
    d. 2003 Ford Flat Bed, which the Debtor valued at $13,325.00.
    e. 2005 Chevy Silverado, which the Debtor valued at $6,365.00.
    f. 2001 Ford F-150, which the Debtor valued at $1,910.00.
    g. 2004 Ford F-250, which the Debtor valued at $16,795.00.
    h. 1998 Volvo S-70 T5SE, which the Debtor valued at $2,960.00.

The Trustee directed Suntag to prepare and file an application to authorize the employment of an auction company and a motion to authorize the sale of the Property.

Suntag prepared and filed the motions and appeared at the hearings by telephone, and the Court granted the motions on February 24, 2011.

Suntag also investigated whether the Property was subject to liens or encumbrances.

Suntag spent 18.29 hours in connection with these tasks.

3. Sale of Assets to Debtor's Landlord And Motion to Sell.

The Trustee wished to sell to Keith Nye, a principal of West Coast Fence, Inc. (the landlord of the Debtor), the following vehicles the Debtor listed on its schedules (the "Vehicles"):

    a. 1973 Ford Digger, which the Debtor valued at $4000.00.
    b. 1976 Ford Bronco, which the Debtor valued at $3000.00.
    c. 1988 Ford FSD, which the Debtor valued at $1000.00.
    d. 1998 Ford FB, which the Debtor valued at $1500.00.

THE SUNTAG LAW FIRM'S FIRST
AND FINAL FEE APPLICATION      3

At the Trustee's direction, Suntag prepared a purchase and sale agreement and a motion for authorization to sell the vehicles and appeared at the hearing by telephone, and the Court granted the motion on February 24, 2011.

Suntag also investigated whether the Property was subject to liens or encumbrances.

Suntag spent 18.13 hours in connection with these tasks.

4. Nonopposition to Motions For Relief From Stay.

On November 24, 2010, West Coast Fence, Inc., filed two motions; (i) a Motion For Relief From The Automatic Stay And For Order Directing The Debtor And Trustee to Turnover Collateral, and (ii) a Motion For Relief From The Automatic Stay And For Order Directing The Debtor to Surrender Real Property. Suntag reviewed both motions and filed nonoppositions to them.

Suntag spent 2.6 hours in connection with these tasks.

5. Administrative Rent Claims.

On October 19, 2011, West Coast Fence, Inc., filed a Motion For Allowance And Payment of Administrative Expense Based on Unpaid Post-Petition Rent. Suntag reviewed the motion to determine the validity of the claim.

Ultimately, Suntag and the Trustee determined that West Coast Fence, Inc., had a valid administrative rent claim. Therefore, Suntag did not oppose the motion.

Suntag spent .9 hours in connection with these tasks.

6. Recovery of Preferential Payments.

In its Statement of Financial Affairs, the Debtor disclosed that within 90 days before it filed bankruptcy, it had made numerous payments to creditors for antecedent debts.

The Trustee requested that Suntag pursue recovery of payments made to nine creditors. Suntag prepared and sent demand letters to these creditors. In response, each of the creditors asserted that it had a valid defense to the Trustee's claims that the payments were

THE SUNTAG LAW FIRM'S FIRST
AND FINAL FEE APPLICATION                4

preferential. Suntag reviewed each of the responses and concluded that seven of the creditors did have valid defenses. Ultimately, Suntag was unable to obtain any recovery from these seven creditors, and the Trustee decided not to pursue recovery of the payment amounts further because it appeared the creditors had valid defenses.

Suntag and the Trustee concluded that the Trustee should pursue recovery of payments made to the remaining two creditors, Merchant Metals, Inc. ("Merchant Metals"), and Security Contractor Services, Inc. ("SCS").

In its Statement of Financial Affairs, the Debtor disclosed that it had made payments of $55,437.16 to Merchants Metals within 90 days before it filed bankruptcy, for antecedent debts, and that it had made payments of $44,649.17 to SCS within 90 days before it filed bankruptcy, for antecedent debts.

Suntag prepared and sent demand letters to Merchant Metals and SCS to return the payments. Each of Merchants Metals and SCS' counsel responded. Merchant Metals contended that the payments were not avoidable because the payments were made by third parties in settlement of Merchants Metals' lien claims. SCS contended the SCS Payments were not avoidable pursuant to the new value defense contained in Bankruptcy Code Section 547(c)(4).

At the Trustee's direction, Suntag entered into extensive settlement negotiations with counsel for Merchants Metals and counsel for SCS. Eventually, the parties reached compromises under which Merchants Metals agreed to pay the bankruptcy estate $7000 and SCS agreed to pay the bankruptcy estate $5000.

Suntag then prepared settlement agreements and a motion for approval of the compromises, which motion Suntag filed on September 30, 2011. The Court granted the motion without a hearing, by order dated November 10, 2011.

Suntag spent 36.58 hours in connection with these tasks.

## II.
## FUNDS HELD BY THE ESTATE

The Trustee is holding $44,739.57. No other recoveries are anticipated and the estate is in a position to close.

## III.
## DETAILED DESCRIPTION OF COSTS

Suntag's costs are as follows:

| ITEM | AMOUNT |
|---|---|
| Postage | $526.46 |
| Copying ($.05 per page) | $297.95 |
| CourtCall | $81.40 |
| Westlaw charges | $25.14 |
| **TOTAL COSTS** | **$930.95** |

These costs were actual and necessary and are billed consistently with the practices and procedures of this Court.

## IV.
## DISCLOSURE OF PRIOR FEES

Suntag has not applied for or received compensation in this case.

## V.
## CONCLUSION

Suntag respectfully requests that the Court grant this first and final fee application, authorize payment to Suntag in the amount of **$20,359.06**, and that it grant such further and other relief as may be just and proper.

Dated: December 27, 2011

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
GARY R. FARRAR

**VERIFICATION**

I, GARY R. FARRAR, am the Trustee in this case. I have read and know the contents of this application. The facts in this application are true except as to the matters which are stated upon information or belief, and those I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 27, 2011, at Modesto, California.

_____
GARY R. FARRAR

THE SUNTAG LAW FIRM'S FIRST
AND FINAL FEE APPLICATION                                7